Filed 5/1/25  P. v. Bailey CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B340543 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA029812) |
| v. | |
| JACOB BAILEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Stuart, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, Jacob Bailey, propria persona, for Defendant and Appellant.

No appearances for Plaintiff and Respondent.

_____

Jacob Bailey appeals from a postjudgment order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1] In 1999 a jury convicted Bailey of two counts of first degree murder and one count of attempted willful, deliberate, and premeditated murder. In 2024 the superior court concluded Bailey failed to make a prima facie showing of eligibility for relief under section 1172.6 because Bailey was tried and convicted on a direct aiding and abetting theory, which remains a valid theory of liability under section 1172.6.

Bailey's appointed appellate counsel filed a brief in this appeal that did not identify any arguable issues. After independently reviewing the record and the contentions presented by Bailey in his one-page supplemental brief, we have not identified any either. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Elmer Ortiz was fatally shot at close range at 12:15 a.m. on March 15, 1998. A witness saw two men run from the scene and get into a dark-colored car driven by a third man.

Less than one mile away, a group of 10 to 20 Cayuga Street gang members were congregated outside of a home. At 12:30 a.m. a blue Honda Prelude drove toward the group, and the passengers in the car began shooting at the group. A motion-activated light illuminated the face of the driver, whom one of the

---

[1] Statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 has been renumbered as section 1172.6, without any substantive change. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

witnesses recognized as Bailey, a member of the Pierce Street gang (a rival of the Cayuga Street gang).  The shots fired killed Eddie Marquez and injured Julio Alcaraz.

Bailey was known to drive a blue Honda Prelude that belonged to his girlfriend's mother, and his girlfriend testified he was driving the car the night the shootings took place.  Ballistics testing on a gun that was recovered revealed the gun was used for the shootings at both scenes.  Bailey participated in two attempts to fabricate alibis, with one evidenced by a letter seized in jail from a coparticipant in the crime.

Bailey was charged by information with two counts of murder (§ 187, subd. (a); counts one and two) and one count of attempted murder (§§ 187, subd. (a), 664; count three).  The jury trial was held in 1999.  Among the jury instructions were CALJIC Nos. 3.01, on aiding and abetting, and 3.00, defining a principal in a crime to include one who aids and abets the crime.  CALJIC No. 3.01 stated that the jury must find the aider and abettor had "the intent or purpose of committing or encouraging or facilitating the commission of the crime."  The jury was also instructed with CALJIC No. 8.10 that to be guilty of murder, the killing must have been done with malice aforethought.

On November 8, 1999 the jury found Bailey guilty of two counts of first degree murder and one count of attempted willful, deliberate, and premeditated murder.  With respect to both murder counts, the jury found true multiple murder special circumstances (§ 190.2, subd. (a)(3)).  With respect to Marquez's murder, the jury also found true a special circumstance allegation that the murder was perpetrated by shooting from a vehicle, intentionally at a person outside, with the intent to inflict death (§ 190.2, subd. (a)(21)).  With respect to all counts, the jury found

3

a principal personally and intentionally fired a gun, causing great bodily injury or death (§ 12022.53, subds. (d), (e)).

Bailey was sentenced to two consecutive indeterminate terms of life in prison without the possibility of parole for the murders, and a consecutive indeterminate term of life with the possibility of parole for the attempted murder.  For each count, the court imposed a consecutive 25-years-to-life enhancement under section 12022.53, subdivisions (d) and (e).  On direct appeal, this court ordered stricken one of the two multiple murder special circumstances and made other minor modifications before affirming the judgment.  (*People v. Bailey* (Feb. 14, 2002, B144133) [nonpub. opn.].)

On November 29, 2023 Bailey, representing himself, filed a form petition for resentencing under former section 1170.95. Bailey checked a box stating he could not now be convicted of murder or attempted murder because of legislative changes to sections 188 and 189 effective 2019.  Bailey asked the superior court to appoint counsel for him.

The People filed an opposition arguing Bailey was ineligible for relief because "[t]he jury was not instructed on felony murder, natural and probable consequences or any other theory of culpability that imputed malice to Petitioner based solely on his participation in a crime.  Petitioner was prosecuted as a principal to this crime under an aiding and abetting theory who acted with actual malice."  Attached to the People's opposition was a copy of this court's 2002 decision, as well as the jury instructions and verdict forms.  The parties stipulated Bailey was not the actual shooter but "was convicted of being the driver in two drive-by shootings."

4

On August 27, 2024 the superior court held a prima facie hearing and denied the petition without issuing an order to show cause. The court explained that "no felony murder instruction was given to the jury as well as no natural and probable consequences instruction. . . . And the only theory that was prosecuted in this case was as a direct aider and abettor to the murders in this case, and that is a viable theory under which Mr. Bailey could be convicted today after the changes in the law. No malice would need to be imputed to him, and in this case none was imputed since those types of instructions were not given. [¶] The direct aiding and abetting instruction makes it clear the act and the mental state required on Mr. Bailey's part. The jury found that true; and, therefore, the defendant is ineligible for resentencing."

Bailey timely appealed.

## DISCUSSION

We appointed counsel to represent Bailey on appeal from the denial of his petition for resentencing. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Bailey that she was filing a brief stating she was unable to find any arguable issues and that Bailey had a right to file a supplemental brief. Appointed counsel also sent Bailey a copy of the brief, as well as the transcripts of the record on appeal.

On March 14, 2025 we received a one-page handwritten letter from Bailey. Aside from asking this court to review his case for possible legal errors, he argues that "[e]vidence of direct perpetrators mind state is insufficient to support first degree murder and attempted murder and must be reduced to second

5

degree [murder], ineffective assistance of counsel for failing to raise claim on direct appeal."

Senate Bill No. 1437 (2017-2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848; see *People v. Reyes* (2023) 14 Cal.5th 981, 984.) Under section 1172.6, a defendant convicted of felony murder or murder under the natural and probable consequences doctrine can challenge his murder conviction if he or she "makes a 'prima facie showing' of entitlement to relief. . . . This, in turn, requires a showing that, among other things, he 'could not presently be convicted of murder' under the amendments to the murder statutes that became effective on January 1, 2019." (*People v. Arreguin* (2023) 89 Cal.App.5th 58, 62; see *Strong*, at p. 708.) The Legislature "has since expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.' (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.)" (*People v. Patton* (2025) 17 Cal.5th 549, 558.)

To the extent Bailey disputes the sufficiency of the evidence supporting the basis of his first degree murder convictions, that issue is not properly raised in this appeal. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . . The purpose of section [1172.6] is to give

6

defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["[s]ection 1172.6 does not create a right to a second appeal"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) The contention raised by Bailey in his one-page supplemental brief regarding the sufficiency of the evidence to support his first degree murder convictions does not implicate the changes made to section 1172.6 by Senate Bill No. 1437. Nor may Bailey advance a claim that he received ineffective assistance of trial counsel in failing to raise this argument in his original appeal. (See *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477 [a claim of ineffective assistance of counsel must be raised on direct appeal or through a petition for writ of habeas corpus].)

Because no cognizable legal issues have been raised by Bailey's appellate counsel or by Bailey, and we have identified none in our independent review of the record, the order denying his petition for resentencing is affirmed. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


STONE, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.